**Earl HOBBS, an individual, Plaintiff–Appellant,**

v.

**State of CALIFORNIA; Belmont Shores Investors, LLC, a Limited Liability Company, Defendants–Appellees.**

No. 12–55793.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Jan. 2, 2014.

Earl Hobbs, Long Beach, CA, pro se.

Michael Glenn Witmer, Esquire, Deputy Assistant Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, Susan Carol Watts, Law Of-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fices of Larry W. Weaver, Cerritos, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Earl Hobbs, an inactive attorney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from an attempt to evict him and the resulting unlawful detainer action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Hebbe v. Pliler,* 627 F.3d 338, 341 (9th Cir.2010), and a dismissal based on res judicata, *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir.2002). We affirm.

The district court properly dismissed Hobbs's § 1983 and declaratory relief claims on the basis of the doctrine of res judicata because those claims were based on the same primary right asserted in a prior state court action. *See Manufactured Home Cmtys., Inc. v. City of San Jose,* 420 F.3d 1022, 1031 (9th Cir.2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law.... California's res judicata doctrine is based on a primary rights theory." (citation omitted)).

The district court properly dismissed Hobbs's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") because Hobbs failed to allege specific facts showing a pattern of racketeering activity and other required elements. *See Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 557–58 (9th Cir.2010) (discussing elements of a RICO claim and particularity requirements of Fed.R.Civ.P. 9(b)).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.